(134 So. 629)

**PITTS v. ROSS.**

8 Div. 281.

Supreme Court of Alabama.

May 14, 1931.

A. J. Harris and Julian Harris, both of Decatur, for appellant.

Wright & McAfee, of Decatur, for appellee.

SAYRE, J.

Action of trover by appellee against appellant. Plaintiff claimed damages for the conversion of one thousand bushels of corn and two mules, the property of plaintiff. The case was tried upon the general issue.

Plaintiff testified that he had rented from defendant for the year 1922 fifty acres of land, of which he sublet twenty-five to one Rice, and that the crops made were to be divided, one-third to plaintiff, his landlord, two-thirds to himself, and his case was that the landlord took largely more than the corn and cotton necessary to pay the rent. Plaintiff was allowed to testify as a witness in his own behalf, and over defendant's objection, as to the amount of cotton raised by his subtenant. Plaintiff claimed no damages on account of cotton taken by defendant; but his claim was that his indebtedness to defendant had been in part paid by the cotton taken from his tenant. This he was properly permitted to show—to what extent the evidence sustained his contention—the evidence just here in question in connection with evidence to the effect that defendant had taken cotton from plaintiff's tenant was properly admitted. The fact here sought in evidence had such logical relation to the fact in issue as to make it relevant and admissible. 22 Corpus Juris, 158.

The record discloses no clear ruling on plaintiff's objection to defendant's question to plaintiff, as witness, whether he had sued defendant for the cotton in Morgan county. Defendant's argument against the ruling— whatever it was—we note, is, according to the brief, based on the text of Jones on Evidence (3d Ed.) 226, as follows: "If one party is allowed against objection to introduce irrelevant testimony it is manifestly unjust to prevent the other party from rebutting or explaining such testimony."

Pretermitting the fact that we have been unable to locate the quoted text, and the fact that the record shows no clear ruling, it seems to be not inappropriate to say that the irrelevant testimony which defendant proposed to rebut or explain was properly ruled by the court to be not irrelevant, and the inference here is that the court proceeded on some other ground, as, for example, that plaintiff, by bringing his suit in Morgan County—unsuccessfully, as we infer—did not estop himself to make the same contention in Limestone, the latter county affording the proper venue.

We are unable to affirm that the trial court committed error in overruling defendant's

36

motion for a new trial made on the ground that the verdict was contrary to the great weight of the testimony. The evidence was in conflict, and the record presents a case in which the trial court's observation of the witnesses and hearing their testimony were of peculiar value. The affidavits of two witnesses adduced in support of the motion as newly discovered testimony and purporting to show admissions by plaintiff that he had made only four loads of corn, whereas plaintiff's testimony was that he had, with some help, raised sixty-one loads of which defendant with threats of violence had taken all but two. The case was peculiarly one for decision by the trial court which heard the evidence. We do not feel that the court's estimate of the general merits of the situation as between the parties should be disturbed on appeal.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.